May it please the Court, my name is Walter K. Pyle and I represent Mr. Dennis Hamilton. The Court granted a certificate of appealability on the narrow issue whether the District Court erred in construing Mr. Hamilton's motion for reconsideration of dismissal as a successive habeas corpus petition under Section 2244B. Section 2244B makes reference to another statute. It talks about dismissing a claim that is presented in a successive habeas petition under Section 2254. 2254, of course, is the habeas statute which authorizes presenting a habeas claim and it says there's a ground for that ground in the singular, violation of the federal constitution, federal laws or treaties. And in most cases it's a violation of the Constitution. Mr. Hamilton's Rule of 60B motion was not a successive habeas petition under 2254. It did not present a single motion seeking to have the Court allow him to present his 2254 petition. It would be as if Mr. Hamilton came into Court here and he says I have a habeas corpus petition and I want the Court to hear it. And he got to the bar here and he finds this gate is closed and it's locked and the Court says go away. There's a procedural bar here. You know, there's just enough room under there for him to slip his Rule 60B motion which says I'm asking the Court to give me a key to open this procedural bar. Now, in this case, the district court shoved his 60B motion back out and said I'm not going to give you the key. We're asking this Court to give us that key. Why should we give you the key? What's any different about the second filing? What was there in the second filing that couldn't have been or wasn't covered in the first? Well, the distinction was what was in there was a procedural claim, a claim of factual innocence. But that had been raised if only by implication before. I mean, the Lodge declaration was submitted before, wasn't it? Wasn't the Lodge declaration attached to the first paper, first filing? I believe it was not, Your Honor. But in any event, the issue here should be determined on what is the function of the 60B motion filed here. The State claims that a 60B motion should simply be treated as a successive petition. The courts uniformly say sometimes it is, sometimes it isn't. And they look to determine whether it is or it isn't. They look to see what its function is. If its function is merely to open that gateway, then it is not a successive petition. And if there's one thing that's been consistent in the Supreme Court jurisprudence in habeas corpus, it is the idea that if a person probably was innocently, an innocent person was probably convicted, then the courts should hear the case. And even if he were to file a new, an actual new 2254 petition and label it a 2254 petition, the courts would still say he's still entitled to hear it. The court, he's still entitled to have his claim heard, because that claim of actual innocence removes that procedural bar. It does not get him out of prison. All it does is open the gate, which the Supreme Court described in Schlupp v. Dello. It opens that gate and allows him to come into court to present his petition. Well, in most of the Schlupp cases, there's been some new evidence of actual innocence that's been presented. We don't have that here, do we? In all the cases in Schlupp and in all the other cases, the new evidence is new evidence that came to light after the trial. Right. The cutoff date as far as the analysis under Schlupp and other cases go was this evidence presented at trial. If evidence comes to trial, new evidence comes to light after the trial, then the court asks, if the jury had heard that evidence, is there, is it probably true that no reasonable jury would have convicted him? No reasonable jury would have found him beyond a reasonable doubt if they had heard that new evidence? Well, let me give you this hypothetical then. Let's assume that the first habeas petition contains the precise claim of actual innocence, right? Yes. And then a 60-B motion is raised, which does not raise any new facts except for the primary claim. Do you think that the mere fact of assertion of actual innocence means that it gets around the successive petition bar? If I understand you correctly, the original habeas petition also alleges actual innocence under Schlupp? Yes. And then the court denies that, then I suppose, in effect, the claim of innocence has been ruled upon. But if the habeas petition presents only constitutional claims, and the Rule 60-B motion presents a claim of factual innocence, then the court has not ruled on the factual innocence claim, and it would be proper under those circumstances. So I gather your theory under this is that the mere claim opens the gateway. Schlupp would seem to indicate you have to have something behind the claim. Well, in this case, we did present certain evidence. In Appendix A to the Rule 60-B motion, we presented all this evidence about the activities of the officers, the two officers Beck and Hall, and showed how, in effect, saying, if the jury had heard all this, if the jury had heard how they, as a matter of habit, secretly recorded every witness they interviewed, as a matter of habit, they never made any written reports, even though it was contrary to their procedure. So there is significant evidence, and we say that if we are allowed to present that Rule 60-B motion to the district court, that that evidence becomes so strong that you say, yes, this is a colorable claim. This is a claim where the court should hear this. The court should consider whether that evidence is – remember, the evidence of Beck and Hall is they have a hand in every bit of evidence against Mr. Hamilton. In the interview with his ex-wife, his ex-wife starts to tell what – exactly what – and she didn't know at the time it was crucial, but it turned out later it was. The question was, did Mr. Hamilton say, Murray and I and the boys went over there, or did he say, Murray and the boys went over there? And you'll notice in the transcript, she starts to say, see, he told me – and Beck interrupts you – he told you that he and Murray went over there. And she just says, yeah, and probably takes another drink. So we're saying that what we're asking this court to do is to ask – is to tell the district court to hear our Rule 60-B motion, to hear our claim of actual innocence. I'd like to reserve whatever time I have for rebuttal. Thank you. Good morning. This is – this is an argument of semantics. A Rule 60-B motion is always a procedure, a gateway – you can call it whatever you want – through which we seek to relitigate claims. This Rule 60-B motion was filed a year and a half after this petition was dismissed. It sought the relitigation of claims that had been presented. The innocence claim does not insulate it from the principles of second or successive petitions. It also doesn't insulate it, per se, from 2244. The innocence claim in itself doesn't satisfy the second or successive petitions. The evidence, for instance, upon which it relies, two bits of evidence cited – and if I can digress, the Lodge Declaration was attached to the original petition. It was at ER 10. It was relied on in the petition at ER 5. That declaration obviously was attached to the original petition, so it was in existence and discovered, in fact, before the petition was filed. The other evidence is the alleged perjury of the two years before Mr. Nickerson – for Mr. Nickerson, excuse me – for Mr. Hamilton, with the assistance of counsel, filed his petition that was dismissed for being untimely. May I retreat just to the theory of this before we get too far into the facts, because I understand your factual argument on this case. It seems to me that the petitioner has – I'm not sure the petitioner goes this far, but it seems the petitioner's argument is any time you raise a colorable claim of actual innocence that hasn't been litigated previously, that that cannot be deemed a second or successive petition. Do you go that far in the other direction, that a claim of actual innocence based on truly new evidence could never survive the bar? No, I think that – Let's say in this case – and I know these aren't the facts of the case – the petitioner actually had a new alibi, a completely bulletproof alibi witness for some exoneration that he produced on the 60B motion. Would that, in your view, be a second or successive petition? Well, I think it depends on the circumstances. I think it can be, and sometimes it's not. It depends on when it's brought, how late it is. And one point I'd like to emphasize in that regard is that a petitioner, if that petition does qualify as a second or successive, he's not without a remedy. He should go to this Court and go through the procedures of 2244 and make his innocence claim fit within the gateway of 2244 to bring a successive or second petition. Right. But that's not what we're faced with today. We're faced with the scope of So if you're writing a rule based on what you just said, what would you say? How would it be crafted? The question being, when an innocence claim is presented, when should it be deemed second or successive? Yeah, if an actual innocence claim, a true, bona fide actual innocence claim is presented in a 60B motion, when is it a second or successive petition? When it seeks to re-litigate claims that were raised in a prior petition, first of all, it's difficult to craft a per se rule without looking at the circumstances of it. The circumstances here are so determinative. But that is the principal thing I'm looking at. It could always be, in your view. If an actual innocence claim or argument, in so many words, is made for the first time in a 60B motion, in order to – wouldn't whatever it tries to bring in always, in your view, be a successive petition? If the claims being presented are the same claims, then it does technically qualify as a successive petition. I guess I'm confusing the initial label with the ability to get is, however, a remedy. Right. Well, Thompson versus Calderon and some other cases have said that, well, it's not always. It's not a bright line rule. But in some circumstances, a 60B motion will not be a second or successive petition. And the real question is how one designs a system in terms of a fair presentation of that claim. And 60B is not – is actually a somewhat better method of proceeding with a true freestanding actual innocence claim because it's newly presented evidence that goes to the judgment of the court. Wouldn't you agree? Well – I mean, I'm not talking about this case in particular. We're talking about a new freestanding claim with new evidence. I mean, that's the normal way that you would – you would rule on it in the first instance to see whether or not it fits the category 60B. The factual issues are very similar between – well, at least on an innocence claim. And I think I pointed that out on the footnote, the question about whether the evidence could have been what was not presented earlier. Timing is a significant issue, another question. Obviously, there's the difficulty with making a bright-line rule there, but also whether this court, for instance, in this case or in another case may or may not have ruled on a request for a COA in this case. Right. But I guess I'm thinking in the theory of this because I know you're focused on the facts of this case, but we have to write a little more broadly that affects other cases. And it seems to me that most of those concerns disappear in the usual 60B analysis by the district court, don't they? I mean, the district court is going to look at timeliness. They're going to look at whether or not the evidence is significant, whether it's new, newly discovered, could have been discovered. Those are the normal things that district courts look at in 60B. So why should we have everybody coming up here to present those facts that really could be fairly and quickly dealt with on a 60B motion on a freestanding claim of actual innocence? Well, I suppose one answer is that otherwise there's no limit on either the timing or the repetition of rule 60B motions if there's no requirement of getting the key, so to speak. The district court is faced with repetitive 60B motions, possibly. Oh, I mean, if it's clearly been litigated previously, I think this, you know, we've said in Thompson and other cases that you can't disguise a new petition in a 60B. But there are some things that are sort of classic 60B material that ought not to be considered a successive petition, I think. I mean, our cases say it's not a bright-line test, and I don't mean to keep belaboring it's an issue, but if we try to parse it, I'm not quite sure how you're telling us to parse it except to make a bright-line rule that you can't ever do it, which our cases don't say that. Well, it does fall under the test of successive petition, and when it falls under that test the... Now, why does it fall under that test? Well... And not under the 60B? If it falls under the test, and meaning that it raises claims that have been re-litigated. If it's raising claims that have been re-litigated, it's successive. If it's raising new claims, it's... It has been litigated. Well, adjudicated on the merits, and there's authority for a timeless dismissal being... Constituting an adjudication on the merits. So assuming it's been litigated on the merits or adjudicated on the merits, dismissed on the merits, then it's successive. So are you kind of agreeing with me that if you have a case that's a true 60B case that fits within the rule of 60B, it's an actual innocence that's based on an actual innocence that it wouldn't necessarily be barred by the successive or second or successive petition bar? Well, off the top of my head, I can't think of a circumstance in which it wouldn't constitute successive. But I agree that the principles are very much the same. Nevertheless, the law has... The courts have treated, under certain circumstances, these petitions, these rule 60B motions, rather, as constituting successive. I agree that, in logic, or in fact, they often present the same issues. But the courts have treated those as successive, and as such, they require 2244, required to meet that exception. Well, in this case, where you are... Where essentially you're saying that matters that could have been argued in the first one are just being cast in a... That they were there, that all the evidence was there, can't you win if we just apply 60B? I beg your pardon, can I... If we just apply the provisions of 60B, wouldn't you prevail in your view? I should, and I made that point. Well, I did make that point in a footnote. Yeah, I know. You did a footnote. I mean, you're fighting... I guess the Justice Department is fighting the... Or you, the State, is fighting the bigger issue of successive. Right. You want to win on a different ground, or do you care how you win? Because the issue... Here, I just dropped the footnote, but the district court made the same point in saying that the innocence claim is a claim that could have been presented before, and I think there was reference to this evidence existing before and not being raised. I see everyone... We just can't write a simple 60B opinion you win. I'll take that. Okay. Thank you. When the district court ruled on a 60B motion, it cited three cases, each of which presented new constitutional claims, such as ineffective assistance of counsel. What my learned friend says in response to the court's question here is, when would it be a 60B motion? When would it be successive, and when would it not be successive, if the claims are the same claims as in the original habeas petition? Here the claim is a different claim. It is a procedural claim of factual innocence. But it's predicated on the same facts, which you might... Same facts, but serving a different function. You know, the problem I have, it doesn't seem to... If you look at other Schlupp cases, Carriger v. Stewart and some others, there was a... The evidence was stronger. It wasn't just impeachment evidence. It wasn't just evidence of circumstance that we have here. Do you have anything, any cases close to this case, factually, in which a Schlupp gateway claim was affirmed or allowed, I should say? I don't think it's just a matter of impeachment, if I may... Sure. ...contest your premise there. It's not simply a matter of impeachment. It is the fact that Beck and Hall had a hand in creating the evidence that was actually presented at trial. It's not just a matter that Beck and Hall are perjurers, which the court found. It's a matter that they were involved in this evidence and presenting it to the court. So it's not just a matter of impeachment. Well, let me put it this way. It seems to me, and you can correct me if I'm wrong, but it seems to me that most of the successful Schlupp claims have been based on affirmative evidence of innocence rather than, shall we say, negative evidence of, perhaps, problems with the state's case. So my question is, do you have a case that's more factually similar to this, in which a Schlupp gateway claim was allowed? Well, I can't think of one. I think Carragher is somewhat close. They talked about the effect of what they would know, and it was more than just impeachment. You have nothing stronger than Carragher? I can't think of anything. Or weaker than Carragher. Nothing comes to mind. Thank you very much. Thank you. The case just argued is submitted for decision. We'll hear the next case, Deere v. Hatcher.
judges: Schroeder, Thomas, Clifton